# CISSNA *v.* STATE OF TENNESSEE.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 89. Argued November 10, 1916.—Reargument ordered December 11, 1916.

The jurisdiction of this court being here challenged; and it appearing that the facts presented are identical with those on which depends a suit over boundary, brought by the State of Arkansas against the State of Tennessee (defendant in error herein) while this case was pending in the courts of the latter State; that a decision of this case upon the merits will be equivalent to a decision of the boundary controversy and that an affirmance of the judgment will dispose of the avails of nearly or quite all the lands involved in that case and this; *Ordered,* that this case be restored to the docket and be assigned

for hearing immediately after the boundary case; and that upon a stipulation of the facts of that case by the parties thereto, both cases will be taken on briefs if all parties consent, or advanced for early argument if they prefer.

THE facts are stated in the opinion.

*Mr. Caruthers Ewing* for plaintiff in error.

*Mr. John P. Bullington,* with whom *Mr. Frank M. Thompson,* Attorney General of the State of Tennessee, was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

As owner in trust for the people of the State of certain described lands, the State of Tennessee in a state court commenced this action in 1903 against Cissna and others to recover the lands and to restrain cutting timber thereon and for an accounting for timber already cut. A temporary injunction was granted against removing and cutting timber, which was modified by permitting, on the giving of a bond, the removal of timber already cut, and was subsequently again modified by allowing all the timber on the land to be cut and removed on the giving of an additional bond. By pleas in abatement and answers the jurisdiction of the court was denied on the ground that the lands were not in Tennessee but in Arkansas and this was sustained and the suit dismissed for want of jurisdiction. The Supreme Court of the State, however, reversed this action and remanded the case for trial on the merits. 119 Tennessee, 47.

The pleadings were amended in the trial court and while the case was there undetermined the State of Arkansas filed in this court its complaint against Tennessee to settle

the boundary line between the two. The bill made reference to the suit pending in Tennessee and alleged that the lands embraced by that suit were in Arkansas subject to its sovereignty and denied the power of the State of Tennessee in its own courts to interfere with the lawful authority of the State of Arkansas. Thereafter, the existence of the suit in this court was alleged in the state court and that court was asked to suspend proceedings until the decision in the boundary case. This was denied and a judgment was entered in favor of the State of Tennessee, holding that the lands were in Tennessee and belonged to that State and this judgment was subsequently affirmed by the Supreme Court of the State. In that court also the pendency of the original suit between the two States in this court was specially set up and an application for suspension of proceedings based on the fact was prayed but was refused. The judgment of the Supreme Court of the State not only decreed the lands to belong to the State of Tennessee in its sovereign capacity, on the ground that they were situated within that State, but gave a recovery for the amount of the timber cut before the bringing of the suit and also for the money value of the balance of the timber on the lands which had been cut and removed as the result of the modification of the injunction permitting that to be done.

At the threshold jurisdiction to review the judgment thus rendered is denied on the ground that no federal question arises for decision.

It is conceded in argument by both parties that the decision of the merits of this case will necessarily be the equivalent of a decision of the boundary suit pending on our original calendar between the two States and that an affirmance of the money judgment below will in substance be an award for virtually the entire avails of the lands in suit in this case as well as of the greater part, if not all, of the lands to be affected in the boundary suit. More-

over, in substance it is not disputed that the facts here presented are identical with those upon which the solution of the boundary suit must depend. Under these conditions we think, without intimating an opinion on the question of jurisdiction raised in this case or on the merits, that we ought not to consider and pass upon this case without at the same time considering and passing upon the controversy concerning the boundary between the two States now pending on our docket. The identity of the two issues, the possible influence which the decision of the one would have on the rights pending in the other and the fact that the actor, the State of Tennessee, in this suit is the defendant in the original suit, we think render that conclusion necessary.

For these reasons we direct that this case be restored to the docket and that it be hereafter assigned for hearing at the same time and immediately after the coming on for hearing of the original boundary suit between the two States. And to the end that that hearing may be expedited, we say in addition, first, that if the facts in the boundary case be stipulated by the parties either by reference to the facts shown in this case or otherwise, both the cases will be taken on submission on printed briefs, if the parties are so advised; or second, if they are not so advised, upon an agreement and stipulation as to the facts in the boundary case, that case and this will be ordered advanced and assigned for oral argument at an early day.

*And it is so ordered.*