## RUST LAND & LUMBER COMPANY *v.* JACKSON ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 171. Argued March 4, 1919.—Decided May 19, 1919.

The contention that an issue between private parties involving the location of the state boundary was submitted to the jury upon a theory inconsistent with the true principle of decision as laid down by this court, and that thereby a party was deprived of a right, privilege or immunity claimed under the Constitution and treaties of the United States, will not afford ground for a writ of error to review the judgment of a state court under Jud. Code, § 237, as amended. P. 73.

The claim that the decision of an original suit between two States pending in this court for the determination of their common boundary will be determinative of private rights to timber, involved in a case between private parties pending in the Supreme Court of one of such States, and that a party to the latter case will be entitled to set up such decision when rendered and is entitled to a continuance meanwhile, *held*, at most, an assertion of a title, right, privilege or immunity under the Federal Constitution; and the refusal of such continuance by the state court *held* to involve no question as to the jurisdiction of this court to render a conclusive judg-

ment in the suit between the States, locating their boundary, and hence no question as to the validity of "an authority exercised under the United States" within the meaning of Jud. Code, § 237, as amended. P. 74.

An application for certiorari to review a judgment of a state court cannot be entertained after the three months' period limited by § 6 of the Act of September 6, 1916, has expired. P. 76.

Writ of error dismissed. Certiorari denied.

THE case is stated in the opinion.

Mr. Albert M. Kales and Mr. Herbert Pope for plaintiff in error.

Mr. Garner W. Green, with whom Mr. Gerald Fitzgerald, Mr. George F. Maynard and Mr. Marcellus Green were on the briefs, for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This case was brought on for argument immediately following Arkansas v. Mississippi, No. 7, Original, this day disposed of, ante, 39.

It was a replevin suit, brought in the circuit court of one of the counties of Mississippi by defendants in error to recover certain timber taken by plaintiff in error from their possession under a claim of ownership. They recovered a verdict and judgment in the circuit court, and the judgment was affirmed by the Supreme Court of the State, without opinion. Ownership of the timber was deemed to depend upon the ownership of the land from which it had been cut; and this was in dispute, and according to the theory of plaintiff in error was dependent upon the location of the state boundary. The land lay in the Mississippi River bottom, in the vicinity of Horseshoe Bend, where a portion of the former channel had been abandoned as the result of a sudden change that occurred in the year

1848; the river having broken through the neck of the Bend and formed a new channel there, with the result that in the course of time the former channel around the Bend was abandoned and in large part filled up, and its location as it was prior to the avulsion has become, after the lapse of so many years, difficult of ascertainment. The adjoining States whose common boundary is marked by the River at this point are in dispute as to its former location, and also as to whether the boundary ought to follow the middle of the former main channel of navigation or rather a line equidistant from the banks of the River at ordinary stage of water. To determine this controversy, the suit between the States was brought in this court, and it is still pending.

It is the contention of plaintiff in error that the judgment in the present case was based upon the determination of an issue which necessarily involved the location of the interstate boundary; and our first inquiry must be whether the judgment of the Supreme Court of Mississippi herein is reviewable in this court by writ of error. The judgment was rendered December 23, 1916, after the taking effect of the Act of September 6, 1916, c. 448, 39 Stat. 726, amendatory of § 237, Judicial Code, and hence is reviewable here, if at all, only by virtue of that act and in accordance with its provisions.

It is asserted that the issue involving the location of the boundary line between the States was submitted to the jury under instructions from the trial judge based upon a theory inconsistent with the true principle of decision as laid down by this court in *Iowa* v. *Illinois*, 147 U. S. 1; *Arkansas* v. *Tennessee*, 246 U. S. 158, and *Cissna* v. *Tennessee*, 246 U. S. 289, and that thereby plaintiff in error was deprived of a right, privilege, or immunity claimed under the Constitution of the United States and treaties made thereunder. Even if the record showed that such a right, privilege, or immunity was properly set up

and claimed in the state court, it of course is not maintained, nor could it be, that under § 237, Judicial Code, as amended, a federal question of this character would give us jurisdiction to review the resulting judgment by writ of error. Were that the only federal question, clearly it would at most furnish ground for a review by certiorari.

But it is insisted that the Supreme Court of the State, in the course of its review of the judgment of the circuit court, rendered an adverse decision upon the question of the validity of an authority exercised under the United States, and for this reason we have jurisdiction by writ of error under the amended § 237.

The question arose as follows: Plaintiff in error moved the Supreme Court to continue the cause until the decision by this court of the original action then and still pending between the States of Arkansas and Mississippi, in which the location of the disputed boundary at or near the land in question is involved. This motion at first was sustained; but afterwards the defendants in error moved to set aside the continuance upon these grounds: (1) That the decision of this court in the suit between the States would not be controlling in the present case because it would not be rendered upon the same testimony; (2) That the Supreme Court of Mississippi was an appellate tribunal without original jurisdiction, empowered only to affirm or reverse a decision of the circuit court, depending upon whether that court upon the evidence before it had reached a correct conclusion, and that there was no way in which the judgment of this court in the suit between the States could be introduced before the Supreme Court of Mississippi; and (3) Because the latter court was not in any way subject to the final jurisdiction of this court. This motion was sustained, the continuance was set aside, and the cause was placed upon the docket and afterwards disposed of in its regular order; with the result, as is maintained, that final judgment was rendered upon an

erroneous theory respecting the location of the interstate boundary line.

It is the contention of plaintiff in error that by the last-mentioned motion the validity of the authority of this court to determine the issues involved in the suit between the States was drawn in question, and that the decision of the Supreme Court of Mississippi was against its validity.

We do not, however, regard the ruling of the state court as having involved the authority or jurisdiction of this court to render a conclusive decision in the suit between the States respecting the location of the boundary line; and hence do not consider that there was any question concerning the validity of "an authority exercised under the United States" within the meaning of § 237. The question raised involved merely the consequences that were to flow from the exercise of an admittedly valid authority under the United States, that is to say, the effect upon the rights of third parties of a particular exercise by this court of its constitutional jurisdiction over a controversy between two States; the concrete questions being (*a*) whether, in the event that our decision should be adverse to the State of Mississippi—and therefore, according to the theory of plaintiff in error, inconsistent with the title of its opponents—plaintiff in error would be entitled to set up that decision and judgment as conclusive against defendants in error; and (*b*) whether, in aid of such right, plaintiff in error was entitled to have the suit against it in the state court stayed to await our decision in the suit between the States. In effect, the contention was that the original jurisdiction conferred by the Constitution upon this court in controversies between States was of such a nature as to render our decree made in a suit of that kind binding upon private parties asserting opposing claims to lands in the disputed territory, and to prevent such private parties from prosecuting their liti-

gation in a state court pending our determination of the suit between States. In setting up this contention plaintiff in error did no more than assert a title, right, privilege, or immunity under the Constitution of the United States. This, at most, afforded ground for an application to this court for a review of the resulting judgment by certiorari, but not for a writ of error. The case of *Cissna* v. *Tennessee*, 242 U. S. 195; 246 U. S. .289, 293, in which a similar question was raised but not passed upon, was brought to this court by writ of error, but before § 237, Judicial Code, was amended by the Act of. 1916. The present writ of error must be dismissed.

On the eve of the argument a writ of certiorari was applied for; but as this was long after the expiration of the three months limited by § 6 of the Act of September 6, 1916, the application cannot be entertained, irrespective of whether the record shows a proper case for the allowance of that writ.

*Writ of error dismissed.*
*Application for writ of certiorari denied.*