Thomas Dee **STOKER**, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 78–1265.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1978.

Mark Zickel (argued), Frank J. Ragen, San Diego, Cal., for appellant.

Joel Sacks, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

Before MERRILL and CHOY, Circuit Judges, and TANNER *, District Judge.

PER CURIAM.

Appellant Thomas Dee Stoker, here appeals his conviction and sentence in the U. S. District Court for the District of Arizona. The Grand Jury indicted the defendant on June 8, 1977 for conspiring with Kenneth Ray Dixon to commit bank robbery in violation of Title 18 U.S.C. Section 371 (Count I) and for bank robbery in violation of Title 18 U.S.C. Section 2113(a) (Count II). In the indictment, Dixon was named as an unindicted co-conspirator. Dixon had been previously convicted for his part in the bank robbery which was affirmed by this Court in *U. S. v. Dixon*, 566 F.2d 1184. Appellant was convicted on both counts and sentenced to serve 5 years imprisonment as to Count I, and 10 years as to Count II, the sentences to run concurrently. We affirm the conviction and the sentence.

Appellant contends that he was convicted on the basis of the uncorroborated testimony of an accomplice; that *United States v. Hibler*, 463 F.2d 455 (9th Cir. 1972), and *United States v. Miller*, 546 F.2d 320 (9th Cir. 1976) require that this Court carefully scrutinize the accomplice's testimony as to its competency and the other asserted errors, and that the accomplice's testimony was incredible and insubstantial and therefore not competent evidence for a jury.

In our judgment, there was ample corroboration as to the accusatory aspects of Dix-

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

on's testimony and it is therefore unnecessary to reach the issue of whether *United States v. Hibler*, supra and *United States v. Miller*, supra, are applicable. The accomplice Dixon's testimony at the appellant's trial is summarized as follows:

Dixon was hitchhiking near Los Angeles, when Stoker gave him a ride to Phoenix. Stoker suggested that the two of them rob a bank and subsequently convinced Dixon to participate in the robbery. Stoker and Dixon decided that Dixon would use a fake bomb and demand note to rob the bank and that Stoker would drive the getaway vehicle. Dixon then robbed the bank and was arrested immediately.

The Government produced two witnesses who testified to the appellant's admissions, and both corroborated critical portions of Dixon's testimony. Witness DePaoli testified to appellant's statement that he had inadvertently walked in on a bank robbery in progress in Phoenix, Arizona and then fled because of unrelated "problems" he was having. Witness Leavitt testified to appellant's further admissions that while in Phoenix, he had inadvertently walked in on a bank robbery in progress, that he feared that the bank camera had photographed him and that the police had tried to stop him from fleeing.

Appellant corroborated Dixon's testimony in part by testifying that he picked up Dixon hitchhiking, and "discussed" bank robbery with him.

We do not find that the accomplice testimony was incredible or insubstantial in that Dixon's main contention that Stoker was actively involved in the robbery and conspiracy was never retracted or demonstrated to be patently false. *Suhl v. U. S.*, 390 F.2d 547 (9th Cir. 1968).

Appellant contends that the sentencing District Court Judge believed the appellant's testimony at the trial to be false and took this factor into consideration in setting the appellant's sentence. We find this argument to be without merit. At the sentencing hearing, defense counsel described the circumstances surrounding the bank robbery, whereupon the Judge stated, "I remember well his testimony here. You were talking about a man who has saved himself and is now going straight and narrow. I recall his testimony in the courtroom here at the trial every recently." In response to appellant's statement that he wanted to get his life in order, the Court stated: "You could have started with the trial, in this matter Mr. Stoker."

We find no clear indication from the record, that the sentencing judge was influenced by his belief that the defendant had not testified truthfully. Although we do not reach the issue, it is clear that in fixing the sentence within the statutory limits, the sentencing judge is permitted to give consideration to the defendant's false testimony observed by the judge during the trial. *U. S. v. Grayson*, —— U.S. ——, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), *U. S. v. Cluchette*, 465 F.2d 749, 754 (9th Cir. 1972).

Appellant challenges two instructions given by the Court, the first of which reads as follows:

"If this defendant be proved guilty beyond a reasonable doubt, say so, and if he is not so proved guilty, say so."

This instruction was expressly approved by this Court in *U. S. v. Urbanis*, 490 F.2d 384, 386 (9th Cir. 1974) cert. den. 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

The second instruction reads:

"As I told you in the beginning, you are the sole judges of the facts and that includes the determination by you of the guilt or innocence of this defendant."

Appellant contends that this instruction fails to advise the jury of the Government's burden of proof. We find this argument to be without merit. The standard of review is whether or not the instructions taken as a whole were misleading or represented a statement inadequate to guide the jury's deliberations. *U. S. v. Brashier*, 548 F.2d 1315, 1328 (9th Cir. 1978).

After first advising the jury to consider the instructions as a whole, the District Court clearly defined the Government's burden of proof in numerous separate instructions. The jury was properly instructed.

Appellant Stoker raises one other issue which should be discussed. Stoker contends that the District Court erred in admitting into evidence the telegram sent by Stoker to Dixon. Appellant reasons that since the telegram was not disclosed by the Government to the defense until the time of trial and because the telegram formed the only link between himself and Dixon, it should not have been admitted and was substantially prejudicial. We find this argument to be without merit. Upon direct examination, the appellant denied having any communication with Dixon after the robbery. Upon cross examination, the appellant stated that he had sent Dixon a telegram after the robbery, thereby impeaching himself. The admission of the telegram itself did little to further prejudice his case. Appellant's statement, along with Dixon's testimony and the other corroborating witnesses, constituted such strong evidence of Stoker's involvement in the robbery and conspiracy that it is very unlikely that the results of the trial would have been different had the Government complied with the discovery rule.