APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN ) APPEAL NO. 87-9003
MARIANA ISLANDS,                    )
                                    ) CTC CRIMINAL ACTION NO. 86-49
    Plaintiff-Appellee,             )
                                    )
    vs.                             )            OPINION
                                    )
ISMAEL MAGOFNA,                     )
                                    )
    Defendant-Appellant.            )
                                    )

For the Appellants:      MARYBETH HERALD
                         Fitzgerald, Herald & Bergsma
                         P.O. Box 909
                         Saipan, CM  96950
                         (670) 234-7241

For the Appellee:        ALEXANDRO C. CASTRO
                         Attorney General
                         RAYMOND D. BUSSO
                         Asst. Atty. General, CNMI
                         Capitol Hill
                         Saipan, CM  96950
                         (670) 322 4311

Before:  LAURETA, and KING,* District Judges, and MUNSON,**
         Judge.

---

*   The Honorable Samuel P. King, Senior U.S. District Judge for
    the District of Hawaii, sitting by designation.

**  The Honorable Alex R. Munson, Chief Justice, Trust Territory
    High Court, sitting pursuant to 48 U.S.C. §1694(b).

MUNSON, Judge:

## PROCEDURAL HISTORY[1]

Defendant was charged by information on August 15, 1986, with three criminal counts: assault, assault and battery, and assault with a dangerous weapon, all stemming from an incident on August 11, 1986. The assault and assault and battery were tried to the Court and the assault with a dangerous weapon charge was tried to a jury, in accordance with the CNMI law.[2]

The Court convicted appellant of assault and battery and acquitted him of the assault charge. The jury found appellant not guilty of both assault with a dangerous weapon and a defense-requested lesser-included charge of assault and battery.

Notice of appeal was filed and this Court on February 20, 1987, stayed execution of sentence pending the decision in CNMI v. Ahn, to which the instant case was deemed analogous. After the Ahn decision was filed the Court on June 30, 1987, lifted the stay, and appellant is currently incarcerated.

---

[1] CNMI v. Atalig, 723 F.2d 682 (9th Cir.), cert. denied. 467 U.S. 1244 (1984), and CNMI v. Ahn, (D.C.N.M.I. App. Div. No. 86-9024, June 15, 1987), provide analytical background for the instant case.

[2] 7 Commonwealth Code §3110(a) provides in part that "any person accused by information of committing a felony punishable by more than five years imprisonment or by more than $2,000 fine, or both, shall be entitled to a trial by a jury of six persons."

On August 11, 1986, appellant and another man entered a small store in San Antonio, Saipan. They purchased several beers, began drinking them in the store, and were flirting with two young nieces of the store owner. When the owner and a friend arrived, they were confronted by appellant's companion, who enquired pointedly about the owner's ethnic heritage. The owner told them they could not drink in the store and appellant blocked his way when he turned to walk past. The proprietor told his nieces to call the police, at which point appellant struck him in the face with a beer can and threw him to the floor. Appellant and his companion commenced kicking and hitting the owner as he lay on the floor. Some bystanders pulled the assailants from him, whereupon appellant's companion pulled a knife and attempted to stab the store owner. The knife-wielder was removed forcibly from the store, leaving only appellant and the owner.

After calling the police from her home, one of the nieces returned to the store about two or three minutes later. Appellant and the store owner were in different parts of the store and there was no fighting. The niece went to tend to her uncle and saw appellant pick up a soy sauce bottle, come up behind her uncle, and strike him over the head, breaking the bottle. Appellant was told to leave and he responded by throwing a whiskey bottle at the store owner. Appellant and his companion then left the store.

The three counts stemmed from the attack with the beer

**184**

can, the kicking and striking while the victim lay on the floor, and the attack with the soy sauce bottle. The entire criminal episode lasted approximately ten minutes.

## ISSUE

Was appellant convicted by the Court and acquitted by the jury of the same charge, based on the same evidence, in the same proceeding?

## ANALYSIS

Appellant contends that he was convicted by the court of the identical charge for which the jury acquitted him: assault and battery. More accurately, appellant asserts that it is not possible to know which assault and battery the jury believed it was acquitting defendant of (either the attack with the beer can or the lesser-included charge stemming from the attack with the soy sauce bottle) because neither the trial court nor the parties carefully and precisely delimited for the jury that portion of the criminal episode from which the facts concerning the assault and battery to be tried by them derived. Therefore, appellant argues, it is possible that the jury beli. ved it was trying and acquitting defendant of the identical assault and battery (the beer can) for which the court convicted him.

Appellant's supposition finds no direct support in the record. There is absolutely no objective indication that the

**185**

jury was operating under a misapprehension. The transcript and the record on appeal make it abundantly clear that both counsel in final argument stated repeatedly which counts were to be tried by whom.

Appellant correctly points out, though, that the understanding of the judge and the lawyers is of no moment. Did the jury understand the instructions as being limited to the incident with the soy sauce bottle? The trial judge included these statements in the jury instructions:

> There is one charge made against the defendant in the information for the jury to consider, that is assault with a dangerous weapon.
> However, if you find that the defendant is not guilty of the offense of assault with a dangerous weapon, you will then consider whether he is guilty or not guilty of the lesser included offense of assault and battery.

> *     *     *

> It is charged in Count III of the information that on August 11, 1986, in San Antonio, Saipan, Ismael Magofna did purposely cause bodily injury to Jose Ulloa with a dangerous weapon, that is a soy sauce bottle in violation of 6 CMC Section 1204.
> An information is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused. Section 1204 of Title 6 of the Commonwealth Code provides: a person commits the offense of assault with a dangerous weapon if he or she threatens to cause, attempts to cause, or purposely causes bodily injury to another with a dangerous weapon.
> Three essential elements are required to be proved in order to establish the charge in the information. No. 1, prove that the defendant did an act. No. 2, the act that the defendant did was to purposely cause

**186**

bodily injury to Jose Ulloa. And, No. 3, the act was done with the use of a dangerous weapon.

Dangerous weapon is defined as any automatic weapon, dangerous device, firearm, gun, handgun, long gun, semi-automatic weapon, knife, machete, or other thing by which a fatal wound or injury may be inflicted.

\* \* \*

A form of verdict has been prepared for your convenience and let me read the verdict at this time.

The verdict reads as follows: We, the jury, in the above entitled action, hereby find the defendant Ismael Maofna, either guilty or not guilty, of the charge of assault with a dangerous weapon in violation of 6 CMC Section 1204.

If you find the defendant not guilty above, then proceed to consider whether he is guilty or not guilty of the lesser included offense below. If you find the defendant guilty above, then date this verdict and have the foreperson sign and advise the court that you have reached a verdict.

Do not give the verdict to anyone until you return to the courtroom and the court asks for the verdict.

The second part, if you find him not guilty on the first part, then the second part reads: We, the jury, in the above entitled action, hereby find the defendant Ismael Magofna, guilty or not guilty - if you find him guilty, write guilty above the line for guilty; if you find him not guilty, write not guilty above the line for not guilty - of the offense of assault and battery in violation of 6 CMC 1202. Then there's a provision for the date and the foreperson will sign.

\* \* \*

"In reviewing a trial judge's charge to the jury, the standard of review is 'whether or not the instructions taken as a whole were misleading or represented a statement inadequate to

**187**

guide the jury's deliberations'." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1454 (9th Cir.), cert. denied, 106 S.Ct. 3301 (1986), quoting Stoker v. United States, 587 F.2d 438, 440 (9th Cir. 1978). The appellate court reviews the adequacy of jury instructions in light of the whole trial. United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824-825 (9th Cir.), cert. denied, 105 S.Ct. 2684 (1985). If, as here, there was no objection at trial to the instructions, a claim of error relating to them is reviewed for an abuse of discretion, which requires a showing of plain error. United States v. Vincent, 758 F.2d 379, cert. denied, 106 S.Ct. 116 (1985). "Plain error" is "highly prejudicial error affecting substantial rights." United States v. Krasn, 614 F.2d 1229, 1235 (9th Cir. 1980). Instructions in a criminal case must be unmistakably clear. United States v. Patel, 762 F.2d 784, 790 (9th Cir. 1985).

Both judge and jury heard all the evidence during the trial. The jury was told repeatedly by the attorneys that they would consider only the charge of assault with a dangerous weapon. Defense counsel then requested an instruction on the lesser-included assault and battery, as well. It was given by the judge. There is no evidence that the jury was confused.

The CNMI's unique treatment of jury trials places upon the prosecution and the courts an added burden to insure that a defendant need not twice run the gauntlet to conviction or acquittal. In the context of the full trial it does not appear that appellant's claim has merit. However, the courts and

**188**

litigants are cautioned that in the CNMI the rights of a criminal defendant are preserved adequately only if the jury instructions are explicit as to which charge or charges are to be decided by the jury and which by the court. Here, the entire record satisfies us that the instructions given were adequate.

## CONCLUSION

Relevant case law, combined with the complete absence in the record of any suggestion that the jury thought it was deciding the same assault and battery as the judge, requires that the trial court be AFFIRMED.

_____
Alex R. Munson
Judge

_____
Alfred Laureta
Judge

_____
Samuel P. King
Judge