948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lafayette THOMPSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 3, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lafayette Thompson appeals the district court's order denying his motion under 28 U.S.C. § 2255 to vacate his conviction. A jury convicted Thompson of a prison murder, in violation of 18 U.S.C. § 1111. We affirmed the conviction on direct appeal in United States v. Awkard, 597 F.2d 667 (9th Cir.1979). Thompson now contends the district court's instructions erroneously relieved the prosecution of the burden of proving he was an aider and abettor. We affirm.
 
 DISCUSSION
 
 3
 When reviewing jury instructions, we must determine " 'whether or not the instructions taken as a whole were misleading or represented a statement inadequate to the jury's deliberations.' " United States v. Kessi, 868 F.2d 1097, 1101 (9th Cir.1989) (citing United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1454 (9th Cir.1986), quoting Stoker v. United States, 587 F.2d 438, 440 (9th Cir.1978)). " '[I]solated, individual statements do not by themselves establish error.' " Shortt Accountancy, 785 F.2d at 1454 (quoting United States v. Elksnis, 528 F.2d 236, 238 (9th Cir.1975)).
 
 
 4
 Thompson claims two instructions had the combined effect of shifting or relieving the government of its burden of proof. He argues the district court erred in instructing the jury that: "[i]n a case where two or more persons are charged with the commission of a crime [] the guilt of any defendant may be established without proof that he personally did every act constituting the offense charged." (ER 49, R.T. 2202.) He also argues the district court erroneously substituted "defendant" for "prosecution" in one instruction: "[y]ou may not find the defendant guilty unless you are satisfied in the course beyond a reasonable doubt that the defendant has established every essential element of the offense...." (ER 52, R.T. 2205) (emphasis added).
 
 
 5
 We reject these arguments. The first instruction was part of a proper series of instructions regarding aiding and abetting a crime. The second instruction admittedly was erroneous because the court substituted the word "defendant" for "prosecution." This inadvertent error, however, does not require reversal. Both before and after this instruction was given, the court repeatedly instructed the jury that the prosecution had the burden of proving all of the essential elements of the crime charged. (See ER 60, 22, 23, 30, 36, 38, 40, 41 & 45. R.T. 2213, 2174, 2175, 2182, 2188, 2190, 2192, 2193 & 2197.) Where, as here, the evidence of guilt was overwhelming, the error was harmless beyond any doubt.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3