January 22, 1993

448

CLERK OF COURT
SUPREME COURT. CNMI
FILED

93 JAN 22 P 3: 16

BY: _____

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | APPEAL NO. 92-003 CRIM. CASE NO. 91-161 |
| Plaintiff/Appellee, | ) ) | OPINION |
| vs. | ) ) | |
| GREGORIO CASTRO ESTEVES, | ) ) | |
| Defendant/Appellant. | ) ) ) | |

Argued and submitted December 7, 1992

Counsel for Defendant/Appellant: Daniel R. Del Priore, Esq.
 Law Office of Del Priore &
 Gumataotao, P.C.
 4th Floor, Horiguchi Bldg.
 Suite A
 Saipan, MP 96950

Counsel for Plaintiff/Appellee: Steven Pixley, Esq.
 Asst. Attorney General
 Attorney General's Office
 2nd Floor, Admin. Bldg.
 Capitol Hill
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

## I. FACTS AND PROCEDURAL HISTORY OF CASE

On October 7, 1991, a shooting occurred at the Sea Cove Bar along Beach Road, San Jose. The victim of the shooting sustained a gunshot wound to his thigh and required medical treatment as a result.

450

On October 11, 1991, Gregorio C. Esteves (herein, defendant or appellant) was charged by information with two counts: Count One for unlawfully causing bodily injury to the victim with a firearm in violation of 6 CMC 1204, and Count Two for unlawful possession of a handgun in violation of 6 CMC 2222(e). He pleaded not guilty.

A jury trial was held beginning January 27, 1992. On January 30, 1992, the jury found the defendant guilty on Count One and, as to that count, made a special finding that the defendant was armed with a "firearm" at the time of the crime. The jury acquitted the defendant of unlawful possession of a "handgun" in Count Two.

On February 14, 1992, the defendant filed a motion for acquittal and alternatively to vacate the jury's special finding of fact on the ground that his acquittal on Count Two and the special finding that he was armed with a firearm as to Count One were inconsistent. The trial court denied both motions on March 6, 1992. On March 10, 1992, the defendant's counsel on this appeal, Daniel R. Del Priore, was substituted for defendant's counsel at trial. On March 26, 1992, the trial court sentenced the defendant to ten (10) years in prison. The defendant timely appealed.

On April 6, 1992, the defendant filed a motion with us seeking release from prison pending appeal. After a hearing, we denied the motion.[1]

We now reverse the defendant's conviction on Count One and remand for a new trial for two reasons. First, the trial court failed to adequately instruct the jury on each of the essential

_____
[1] Order Denying Motion For Release Pending Appeal dated April 23, 1992.

451

elements of the crime for which the defendant was convicted. Second, the ex parte communication between the jury and the trial judge during jury deliberation, without the presence of counsel, denied defendant his right to a fair trial.

We are not persuaded that the verdict and the jury's finding of fact are inconsistent, and, based on the record presented to us, we are not satisfied that the defendant was denied effective assistance of counsel at trial.

## II. ISSUES PRESENTED AND STANDARD OF REVIEW

The appellant presents four issues for our review:

1. Whether the jury instructions given as to the essential elements of the offense of assault with a dangerous weapon were complete or adequate. The standard of review for this question is the plain error standard. United States v. Pazsnit, 703 F.2d 420 (9th Cir. 1983); United States v. Bagby, 451 F.2d 920 (9th Cir. 1971).

2. Whether the ex parte communication between the jury and the trial judge during jury deliberation prejudiced the defendant in violation of his constitutional right to a fair trial. We review this question applying the harmless error standard. U.S. v. Frazin, 780 F.2d 1461 (9th Cir.), cert. denied, 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986).

3. Whether the jury verdict (guilty of the offense of assault with a dangerous weapon and acquittal for the offense of illegal possession of a handgun) and its finding of fact (that the

452

defendant was armed with a "firearm" at the time he committed the assault) are mutually inconsistent so as to necessitate reversal. This is a question of law to be reviewed de novo. Commonwealth v. Lizama, No. 91-035 (N.M.I. Dec. 29, 1992).

■ 4. Whether the defendant was denied effective assistance of counsel at trial. This is a mixed question of law and fact, Strickland v. Washington, 446 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1934), and therefore is reviewable de novo. Rosario v. Quan, No. 91-019 (N.M.I. Sept. 21, 1992).

III. ANALYSIS

1. The Jury Instructions.

Although Count One specifically charged the defendant with assaulting the victim with a dangerous weapon, the trial court instructed the jury on the essential elements of the crime as follows:

> That on or about October 7, 1991, in Saipan, . . . . the
> Defendant . . . . threatened to cause, attempt to cause
> or purposely cause [sic] bodily injury to [the victim].

The appellant argues that the trial court erred by omitting from its instruction an essential element of the offense charged -- the use of a dangerous weapon. The government does not seriously dispute this contention, but argues that the error was somehow cured because the trial court "specifically instructed the jury concerning the definition of the term 'Dangerous Weapon' immediately following" the instructions on the essential elements of the crime. Brief of appellee at 13.

453

The law is quite clear that the trial court has a duty to instruct the jury, and such instructions must not be incomplete, but should "instruct in all essential questions of law whether requested or not." Morris v. U.S., 156 F.2d 525, 527 (9th Cir. 1946). In determining whether the instructions were incomplete, we must "consider whether the instructions as a whole were misleading or inadequate to guide the jury's determination." Stoker v. U.S., 587 F.2d 438, 440 (9th Cir. 1987).

We find that the trial court's instructions to the jury as to the essential elements of Count One were incomplete and did not provide the jury with adequate guidance. It failed to set forth an essential element, the use of a dangerous weapon. Such constitutes plain error. United States v. King, 587 F.2d 956, 965-66 (9th Cir. 1978). Because the jury instructions were incomplete on this point, we have no recourse but to set aside the verdict.

The fact that the trial court separately instructed the jury on the definition of the term "dangerous weapon" does not cure the error. In order for the jury to find defendant guilty of the offense of assault with a dangerous weapon, the court must instruct the jury that an essential element of such offense includes the use of a dangerous weapon in the commission of the offense.[2] Defining the term separately does not indicate to the jury that the use of a dangerous weapon is an essential element of the offense. Each

---

[2] See, e.g., Ninth Circuit Model Criminal Instruction 8.020 regarding assault with dangerous weapon, which is a federal crime under 18 U.S.C. Section 113(c). Under this model instruction, the trial court is to instruct the jury that "the defendant used a [e.g. knife, gun, etc.]" and then define how a weapon may be lawfully "dangerous."

454

element of the offense must independently be proven by the government beyond a reasonable doubt. And although it is true that the jury specially found that the defendant was armed with a "firearm" when he committed the crime, that fact does not fulfill the trial court's obligation to provide a complete instruction setting forth all of the essential elements of the offense.

## 2. The Ex Parte Communication.

Appellant contends in his brief that "there was written ex-parte communication by the jury to the trial judge before the jury reached its verdict." Brief of appellant at 11. In support of this contention, he submits the affidavits of several members of the jury which state that the jury, while deliberating, sent a note to the trial judge; the note contained as many as six questions; the trial judge wrote his response directly on the note; and it is unclear what happened to the note after it was returned to the jury.[3]

Two of the jurors stated they remember that the note asked the trial judge whether the jury could return an inconsistent verdict (e.g., guilty of assault, but not guilty of possession of a firearm), to which the trial judge reportedly answered "yes." The bailiff on duty states in an affidavit that he delivered the note to the judge, but that "[t]he judge did not tell me to contact the attorneys regarding the jury's note and I never contacted the

---

[3] Along with his reply brief, the appellant also submitted an affidavit of defense counsel at trial, who states that he did not know of the ex parte communication until about one week after the trial. See Reply Brief of appellant at 1.

attorneys regarding the note." E.R. at J.

The government does not seriously question the fact or content of the ex parte communication between the jury and the trial judge during jury deliberation. It contends, however, that the communication was harmless because the trial judge's response to the jury's question regarding inconsistent verdicts "accurately reflected the law and there exists very little possibility that the court would have sent a different message had it consulted with Esteves before hand." Brief of appellee at 8.

Once the defendant shows that an ex parte communication has occurred, the government has the burden to establish that ex parte communication between a judge and the jury is harmless. U.S. v. Frazin, 780 F.2d at 1469. It must "prove beyond a reasonable doubt that the [ex parte communication] did not contribute to the verdict obtained."[4] Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We find that the government has failed to meet its burden.

Whether inconsistent verdicts are permissible in this jurisdiction, as a matter of law, is a substantive question which the trial court should have brought to the attention of the parties before ruling on it. It is a substantive instruction on the law, and the defendant must be accorded the opportunity to review and

---

[4] The government argues that this issue is not properly on appeal because the defendant failed to raise the issue below. Defendant, however, did not know of the ex parte communication until _after_ the jury had delivered its verdict. Faced with similar facts, the U.S. Supreme Court has held that "[i]n such circumstances, . . . we conclude that the combined effect of the District Court's errors was so fraught with potential prejudice as to require us to notice them notwithstanding petitioner's failure to raise the issue [of a judge-jury ex parte communication] in the Court of Appeals or in this Court." Rogers v. U.S., 422 U.S. 35, 41, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975).

address the question raised. The failure to be accorded such opportunity denied him a fair trial. Rogers v. U.S., 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919).

Had the trial judge responded differently, would the jury have returned a different verdict? No one knows, but the likelihood that the answer given by the trial judge may have affected the verdict leads us to conclude that the ex parte communication was not harmless error. For example, had the trial judge told the jury that they could not return an inconsistent verdict, they may might have acquitted (or convicted) the defendant on both counts.

 A criminal defendant must be allowed to be present at each stage of his trial. This right is embodied in our rules of criminal procedure. See Rule 43, Com.R.Crim.P.; Rogers v. U.S., 422 U.S. at 39, 95 S.Ct. at 2095; U.S. v. Frazin, 780 F.2d at 1469. Also, a defendant has a constitutional right to be present at every stage of his or her trial which derives from the Confrontation Clause, Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), and the Due Process Clause, Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed.2d 674 (1934); Fillippon v. Albion Vein Slate Co., 250 U.S. at 81, 39 S.Ct. at 436 (right to be present is "essential to the proper protection of the right to be heard"); U.S. v. Frazin, 780 F.2d at 1469 ("Ex parte communications from the judge to the jury violate a defendant's right to due process of law.").

While certain communications between a judge and jury are by their nature harmless, e.g. a request to break for lunch or to continue deliberation the following day, communications regarding the law to be applied must be relayed to the parties, so that they may have the opportunity to respond. Because the ex parte answer furnished by the trial judge involved a substantive instruction on the law and may have contributed to the verdict reached, we hold that this ex parte communication violated the defendant's right to a fair trial. Rogers v. U.S., 422 U.S. at 38-39, 95 S.Ct. at 2094; Fillippon v. Albion Vein Slate Co., 250 U.S. at 81, 39 S.Ct. at 436; U.S. v. Frazin, 780 F.2d at 1469. Such error is prejudicial.

3. **Inconsistent Verdicts.**

The appellant argues that although the jury convicted him of Count One (assault with a dangerous weapon) and specially found that he was armed with a "firearm" at the time he committed the assault, it also acquitted him of the offense of unlawful possession of a handgun. He argues that the verdict as to Count Two and the special finding with respect to Count One are mutually irreconcilable because one "cannot be armed without being in possession of the weapon which arms you." Brief of appellant at 42. To bolster his conclusion, appellant argues that the evidence at trial showed that the firearm used in the commission of the offense was a handgun and therefore "there was no evidence before the jury from which it could have concluded that any firearm other than a handgun was used." Id. at 43.

458

The government argues, on the other hand, that the verdict acquitting the defendant on Count Two and the special finding are not inconsistent because while all handguns are firearms, not all firearms are handguns, and therefore the jury may have convicted the defendant of possessing a firearm, but not a handgun, when he committed the assault.[5]

We are not satisfied that the verdict is necessarily inconsistent. The jury verdict and special finding reflects that the defendant was armed with a firearm in the commission of the assault, but not necessarily that the firearm was a handgun.

But even if we find that the verdict is inconsistent, that fact does not warrant reversal. A jury should have the freedom to arrive at any verdict it wishes, even if inconsistent or seemingly irrational, so long as there is sufficient evidence to support the guilty verdict. This view has been adopted by the U.S. Supreme Court and a majority of jurisdictions which have considered the issue. Dunn v. U.S., 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). "Inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal, provided there is sufficient evidence to support the guilty verdict." U.S. v. Merriweather, 777 F.2d 503, 507 (9th Cir. 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1497, 89 L.Ed.2d 898 (1986), quoting, U.S. v. Birges, 723 F.2d 666, 673 (9th Cir.), cert. denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). Juries are accorded

---

[5] A "handgun" is "a pistol or revolver with an overall length of less than 26 inches." 6 CMC Section 102(m). A firearm, on the other hand, is any type of pistol, revolver or gun, regardless of length. 6 CMC Section 102(k).

deference to return verdicts, despite apparent inconsistency in their findings, based, for instance, on compromise. <u>United States v. Lichenstein</u>, 610 F.2d 1272, 1280 (5th Cir. 1980), <u>cert. denied</u>, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980).

### 4. Ineffective Assistance of Counsel at Trial.

The appellant argues that he was denied effective assistance of counsel because his counsel allegedly failed to conduct an adequate investigation of the case, consider viable theories, and develop the evidence to support those theories.[6]

The issue of ineffective assistance of counsel at trial ordinarily is raised by collateral attack upon the conviction, and not on direct appeal. "This is so because usually such a claim cannot be advanced without the development of facts outside the original record." <u>U.S. v. Birges</u>, 723 F.2d 666, 670; <u>see also</u>, <u>U.S. v. O'Neal</u>, 937 F.2d 1369 (9th Cir. 1990)("[T]he issue is properly brought on a habeas corpus petition rather than on direct appeal." <u>Id.</u> at 1376.) We may, however, review the issue on direct appeal, but only where "the record is sufficiently complete to decide the issue." <u>U.S. v. O'Neal</u>, 937 F.2d 1369, 1376.

We have reviewed the record presented us, and find that it is not sufficiently complete for us to decide whether the defendant was denied effective assistance of counsel at trial. In support of

---

[6] The party alleging ineffectiveness of counsel must (1) point to errors or omission in the record which establish that the defendant did not receive adequate representation, <u>and</u> (2) show there is a reasonable likelihood that counsel's errors or omissions prejudiced the defendant's right to a fair trial. <u>Strickland v. Washington</u>, 446 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

his ineffective assistance claim, the defendant relies on affidavits from his brothers concerning what they would have testified to had they been put on the stand at trial; a few quotes from the transcript; and an argument that the strategy pursued by defense counsel was bizarre and chosen because trial counsel allegedly was not well prepared to present the supposedly stronger defense.

These arguments, however, concern trial counsel's strategy and are mere allegations. They must first be proven factually in order for us to make a proper determination. We therefore decline to rule on this issue.

## IV. CONCLUSION

The appellant's conviction is reversed and the matter is remanded for a new trial.

DATED: This 22nd day of January, 1993 at Saipan, Northern Mariana Islands.

JOSE S. DELA CRUZ
Chief Justice

RAMON G. VILLAGOMEZ
Associate Justice

JESUS C. BORJA
Associate Justice