**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30013 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:15-cr-00109-JLR-1 |
| RAYMOND LEE FRYBERG, JR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted March 8, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Defendant Raymond Lee Fryberg, Jr., appeals his conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8). He argues several grounds for reversal, most of which we address in this disposition. We address the remaining issues in a concurrently filed opinion.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Defendant argues that § 922(g)(8) is unconstitutional as applied to him. Specifically, he argues that, because the domestic violence protection order to which he was subject was of indefinite duration, § 922(g)(8) amounted to a lifetime ban on his possession of firearms, which violates his Second Amendment rights. Defendant did not raise this argument to the district court. Accordingly, we review only for plain error. Fed. R. Crim. P. 52(b). We conclude that any error is not plain or obvious because the law in this area is highly unsettled. See United States v. Kilbride, 584 F.3d 1240, 1255 (9th Cir. 2009) (finding no plain error where "the relevant law in th[e] area was highly unsettled").

2.  Defendant next contends that he was unable to receive a fair trial because of prejudicial publicity and that, therefore, the district court abused its discretion in denying his motions for a change of venue. We disagree. The district court reasonably concluded that this case did not present an "extreme situation" that warrants a finding of presumed prejudice. United States v. Croft, 124 F.3d 1109, 1115 (9th Cir. 1997) (internal quotation marks omitted). And although Defendant mentioned actual prejudice in his opening brief, he failed to develop any argument concerning actual prejudice. That argument is thus abandoned. United States v. Loya, 807 F.2d 1483, 1487 (9th Cir. 1987).

3. Defendant's next argument is that he was deprived of a fair trial by the cumulative effect of several allegedly erroneous evidentiary rulings made by the district court. Most, if not all, of those rulings were within the district court's discretion. Those that arguably amounted to an abuse of the court's discretion clearly had no effect on the verdict, even when considered collectively. United States v. Morales, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc).

4. Defendant also argues that the jury was confused or misled by the combined effect of several of the district court's rulings concerning jury instructions. He contends, further, that the district court erred by refusing to give an instruction on an entrapment-by-estoppel defense. We conclude that the instructions as a whole were not confusing, because they were adequate to guide the jury's deliberations. Stoker v. United States, 587 F.2d 438, 440 (9th Cir. 1978) (per curiam). And the district court did not err in refusing to give an entrapment-by-estoppel instruction, because the "required factual foundation" for such a defense was lacking. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir. 1992).

5. Finally, Defendant argues that the district court erred in denying his motion for a mistrial based on one of the prosecutor's statements during closing arguments. Defendant asserts that that statement both infringed on his Fifth

Amendment right against self-incrimination and amounted to prosecutorial misconduct. We review de novo the Fifth Amendment claim, and we conclude that the prosecutor's statement did not "call attention to" or "comment on" Defendant's choice not to testify and, thus, did not infringe on his right against self-incrimination. United States v. Mares, 940 F.2d 455, 461 (9th Cir. 1991). We review for abuse of discretion the district court's denial of Defendant's motion for a mistrial due to prosecutorial misconduct. United States v. Pineda-Doval, 614 F.3d 1019, 1035–36 (9th Cir. 2010). The district court did not abuse its discretion in concluding that the statement was unlikely to materially affect the verdict, particularly in light of the curative instruction given by the court. See United States v. Sarkisian, 197 F.3d 966, 988 (9th Cir. 1999) ("To obtain relief [on a claim of prosecutorial misconduct], [a] defendant[] must show that it is more probable than not that the misconduct materially affected the verdict." (internal quotation marks omitted)); United States v. Cardenas-Mendoza, 579 F.3d 1024, 1030 (9th Cir. 2009) ("A curative instruction may obviate the impact of the [improper] statements, as juries are assumed to follow the court's instructions.").

**AFFIRMED.**

4