FILED

AUG 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30000 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:11-cr-00022-RJB-1 |
| FRANCIS SCHAEFFER COX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Robert J. Bryan, District Judge, Presiding

Argued and Submitted August 16, 2017
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant Francis Schaeffer Cox appeals his convictions for conspiracy to

murder a federal officer in violation of 18 U.S.C. §§ 1117 and 1114 and for

solicitation to murder a federal officer in violation of 18 U.S.C. §§ 373 and 1114.

We affirm Defendant's conspiracy conviction, vacate his solicitation conviction,

vacate his sentences, and remand to the district court for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  Defendant challenges several aspects of the jury instructions.  First, he argues that the instructions failed to inform the jury that it had to find that he conspired with the mental state required for first-degree murder in order to convict him of conspiracy to commit first-degree murder.  Reviewing for plain error, we conclude that any error in that instruction did not affect Defendant's substantial rights.  United States v. Olano, 507 U.S. 725, 734–35 (1993).  Second, Defendant argues that the instructions were deficient because they did not inform the jury that it had to find that the conspiracy was not one for self-defense.  We conclude that, even assuming that Defendant has preserved the argument, the instructions adequately covered his theory of self-defense, United States v. Gomez-Osorio, 957 F.2d 636, 642–43 (9th Cir. 1992), they were not misleading, Stoker v. United States, 587 F.2d 438, 440 (9th Cir. 1978) (per curiam), and the district court did not abuse its discretion in formulating the instructions as it did, United States v. Knapp, 120 F.3d 928, 930 (9th Cir. 1997).  Finally, Defendant argues that the lack of an instruction to the effect that the jury had to agree unanimously as to the target(s) of the conspiracy confused the jury.  Reviewing for plain error, we conclude that it is not "obvious" or "clear" that the district court erred by not giving a specific unanimity instruction as to the intended target(s) of the conspiracy.  See

2

Puckett v. United States, 556 U.S. 129, 135 (2009) (noting that, for an error to be "plain," it "must be clear or obvious, rather than subject to reasonable dispute").

2. Defendant next challenges the sufficiency of the evidence on the conspiracy charge. We assume, without deciding, that Defendant has properly preserved this challenge, so that our review is de novo. See United States v. Phillips, 704 F.3d 754, 762 (9th Cir. 2012). We conclude that, "consider[ing] the evidence presented at trial in the light most favorable to the prosecution[,] . . . [that] evidence, so viewed, is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (internal quotation marks and alteration omitted). Defendant and his co-conspirators agreed to attack government officials—including federal officers—in the event of certain conditions that they subjectively thought were likely to occur. A rational trier of fact could find beyond a reasonable doubt that the agreement was not merely one for self-defense. A rational trier of fact could also conclude that "the agreement, standing alone, constituted a sufficient threat to the safety of a federal officer so as to give rise to federal jurisdiction." United States v. Feola, 420 U.S. 671, 695–96 (1975).

3. Defendant also challenges the sufficiency of the evidence on the solicitation charge. We review for plain error, but "plain-error review of a sufficiency-of-the-evidence claim is only theoretically more stringent than the standard for a preserved claim." United States v. Flyer, 633 F.3d 911, 917 (9th Cir. 2011) (internal quotation marks omitted). We conclude that it is clear that no rational trier of fact could find Defendant guilty of solicitation to murder a federal official, for two independent reasons. First, no rational trier of fact could conclude that the circumstances surrounding the formation of the security team for the television station event "strongly confirm[ed] that [D]efendant actually intended" for anyone to commit first-degree murder. United States v. Stewart, 420 F.3d 1007, 1020–21 (9th Cir. 2005). Second, because the federal "hit team" that the security team was supposed to guard against did not exist, the solicitation to murder a member of that hit team did not "constitute[] a sufficient threat to the safety of a federal officer so as to give rise to federal jurisdiction." Feola, 420 U.S. at 695–96.[1] The error affected Defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of a judicial proceeding, and we

[1] The Government's theory at trial was that Defendant's actions in connection with the formation of the security team for the television station event constituted solicitation to murder a federal official. No rational trier of fact could conclude that Defendant's other actions—those not related to the creation of the security team—amounted to solicitation within the meaning of 18 U.S.C. § 373.

will correct it.  See Flyer, 633 F.3d at 917 ("When a conviction is predicated on insufficient evidence, the last two prongs of the plain-error test will necessarily be satisfied." (brackets omitted) (quoting United States v. Cruz, 554 F.3d 840, 845 (9th Cir. 2009)); Cruz, 554 F.3d at 845 (holding that the last two prongs of the plain-error test are necessarily met "when [a] court, as a matter of law, ha[d] no jurisdiction to try [a defendent] for the alleged offense").

4.  Defendant next argues that several of the district court's evidentiary rulings were erroneous.  Reviewing for plain error, we conclude that the court's decision to admit evidence about Defendant's political speech and activities was not plainly erroneous.  And assuming, without deciding, that Defendant has properly preserved his challenge to the district court's rulings on his requested limiting instruction, we conclude that neither the court's particular formulation of the limiting instruction nor the court's refusal to give an instruction at the time the evidence of political activity was presented to the jury constituted an abuse of its discretion.  See United States v. Campanale, 518 F.2d 352, 362 (9th Cir. 1975) (per curiam) ("Appellants place special emphasis on the refusal of the judge to give cautionary instructions on the statements of co-conspirators at the time evidence was admitted.  This subject was covered at the conclusion of the trial.  There was

no prejudicial error in the judge's failure to give such an instruction also on other occasions during the trial." (citation omitted)).

5. We decline to reach Defendant's ineffective-assistance-of-counsel claim. See United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005) ("[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal."), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947 (9th Cir. 2007) (en banc).

6. We vacate Defendant's sentences on all counts of conviction and remand with instructions to resentence Defendant in light of our reversal of his solicitation conviction. See United States v. Evans-Martinez, 611 F.3d 635, 645 (9th Cir. 2010) (holding that an appellate court has "the power to vacate all of the sentences imposed by a district court when the district court erred with respect to one of the sentences," and "remand of all sentences is often warranted").

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**