**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RICK ALLEN JONES,
*Defendant-Appellant.*

No. 17-15869

D.C. Nos.
2:16-cv-01326-SRB
2:06-cr-00020-SRB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued October 5, 2017
Submitted November 29, 2017
Pasadena, California

Filed December 15, 2017

Before: Diana Gribbon Motz,[*] Milan D. Smith, Jr.,
and Jacqueline H. Nguyen, Circuit Judges.

Per Curiam Opinion

---

[*] The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

Reversing the district court's denial of a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the panel held that Arizona armed robbery does not qualify as a violent felony under either the force clause or the enumerated felonies clause of the Armed Career Criminal Act.

### COUNSEL

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Frederick A. Battista (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, Acting United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Rick Allen Jones appeals the district court's order denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In light of our recent decision in *United States v. Molinar*, No. 15-10430, 2017 WL 5760565 (9th Cir. Nov. 29, 2017), we reverse and remand.

## I.

## BACKGROUND

On August 21, 2006, Jones pleaded guilty to one count of being a felon in possession of a firearm and armed career criminal, in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a mandatory minimum sentence of fifteen years of imprisonment on a person who violates Section 922(g) and has three previous convictions for a "serious drug offense" or a "violent felony" or some combination of the two. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "force clause"]; or

> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated felonies clause"], or otherwise involves conduct that presents a serious potential risk

> of physical injury to another [known as the "residual clause"] . . . .

*Id.* § 924(e)(2)(B). Because the district court found that Jones previously was convicted of at least three violent felonies, it sentenced Jones on December 11, 2006, to 174 months of imprisonment, which the court calculated as the fifteen-year mandatory minimum sentence minus six months for time Jones served in state custody for conduct giving rise to the federal offense.

On June 26, 2015, the Supreme Court struck down the ACCA's "residual clause" as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2555–57 (2015) (hereinafter *Johnson II*). The Court later declared that *Johnson II* was a substantive decision with retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). After *Welch*, Jones timely filed his § 2255 motion, arguing that he no longer has three qualifying prior convictions to trigger the ACCA's fifteen-year minimum sentence. The district court denied Jones's motion. Jones timely appealed.

## II.

## STANDARD OF REVIEW

We review a district court's denial of a § 2255 motion *de novo*. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012). We also review *de novo* a district court's determination that a prior conviction is a violent felony under the ACCA. *United States v. Bonat*, 106 F.3d 1472, 1474 (9th Cir. 1997).

## III.

## ANALYSIS

Of Jones's five prior felony convictions, three were for armed robbery under Arizona Revised Statutes § 13-1904.[1] Therefore, whether Jones is subject to the ACCA's fifteen-year mandatory minimum sentence depends on whether these convictions qualify as violent felonies.[2] Because the Supreme Court in *Johnson II* invalidated the residual clause, Arizona armed robbery qualifies as a violent felony only if it meets the requirements of the ACCA's force clause or enumerated felonies clause.

To determine whether a conviction qualifies as a "violent felony" under the ACCA, we apply the "categorical approach," looking "only to the fact of conviction" and "the statutory definitions of the prior offense, and not to the particular facts underlying those convictions." *United States v. Werle*, 815 F.3d 614, 618 (9th Cir. 2016) (quoting *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)). A prior conviction qualifies as an ACCA predicate only if, after

---

[1] Though the parties agree that all three of Jones's armed robbery convictions were pursuant to Arizona Revised Statutes § 13-1904, the Presentence Report identifies Arizona Revised Statutes § 13-604 as the relevant statute for one conviction. Because neither the parties nor the court below were concerned with this discrepancy, and because Arizona Revised Statutes § 13-604 governs the state courts' ability to designate a felony as a misdemeanor, we presume the citation to § 13-604 to have been a typographical error.

[2] The government does not contest that Jones's two remaining convictions do not qualify as either a "violent felony" or a "serious drug offense," but even if it did so, it would make no difference under the ACCA because three qualifying convictions are necessary to trigger the fifteen-year minimum sentence. *See* 18 U.S.C. § 924(e)(1).

"compar[ing] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood[,] . . . the statute's elements are the same as, or narrower than, those of the generic offense."  *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).

We have not previously decided whether Arizona armed robbery, Ariz. Rev. Stat. § 13-1904, qualifies as a violent felony under the ACCA.  But, recently, in *United States v. Molinar*, 2017 WL 5760565, this court applied the categorical approach to determine whether Arizona armed robbery qualifies as a "crime of violence" under the 2014 version of the U.S. Sentencing Guidelines.  Similar to the ACCA, the Sentencing Guidelines defined "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "force clause"], or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the "enumerated felonies clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"].

U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 2014).**[3]**

## A. Whether Arizona Armed Robbery is a "Violent Felony" under the ACCA's Force Clause

In *Molinar*, this court held that Arizona armed robbery is not a crime of violence under Section 4B1.2(a) of the Sentencing Guidelines' force clause. *Molinar*, 2017 WL 5760565, at *3–5. *Molinar* began by examining the Supreme Court's definition of the term "physical force" under the ACCA as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (hereinafter *Johnson I*). In light of *Johnson I*, this court in *Molinar* recognized that it "must assess whether Arizona courts apply the armed robbery statute to punish conduct that does not involve violent force." *Molinar*, 2017 WL 5760565, at *3. This court found that Arizona's armed robbery statute "[o]n its face . . . does not require that the robber actually use or even threaten to use a weapon," and that "Arizona courts have not imposed any further requirements." *Id.* Therefore, in Arizona, "armed robbery is indistinguishable from robbery for the purposes of the categorical analysis under the force clause." *Id.* Turning to Arizona's robbery statute, Ariz. Rev. Stat. § 13-1902, the panel found that "Arizona punishes as robbery conduct that does not involve violent force." *Id.* at *4. Thus, *Molinar* held that "Arizona armed robbery can no longer be considered a categorical crime of violence under Section 4B1.2's force clause." *Id.* at *5.

---

**[3]** All references to the Sentencing Guidelines are to the 2014 version unless otherwise stated.

We conclude that *Molinar*'s holding applies equally to the question of whether Arizona armed robbery is a "violent felony" under the ACCA's force clause. The ACCA's force clause is identical to the Sentencing Guidelines' force clause, and we see no reason to analyze these provisions differently. *Compare* 18 U.S.C. § 924(e)(2)(B)(i) *with* USSG § 4B1.2(a)(1). The fact that *Johnson I* specifically defined "physical force" with respect to the ACCA's force clause (which definition was extended by *Molinar* to the Sentencing Guidelines' force clause) further bolsters our conclusion. *See Johnson I*, 559 U.S. at 135. Therefore, we hold that Arizona armed robbery does not categorically qualify as a violent felony under the ACCA's force clause.

## B. Whether Arizona Armed Robbery is a "Violent Felony" under the ACCA's Enumerated Felonies Clause

Though it found that Arizona armed robbery was not a crime of violence under the Sentencing Guidelines' force clause, *Molinar* held that Arizona armed robbery qualifies as such under the Sentencing Guidelines' enumerated felonies clause. 2017 WL 5760565, at *5, *8. As the panel in *Molinar* explained, while robbery is not one of the enumerated felonies, the commentary to Section 4B1.2 specifically clarified that robbery is a crime of violence.[4] U.S.S.G. § 4B1.2 cmt. n.1 ("Crime of violence" includes . . . robbery . . . ."); *see also id.* § 2K2.1 cmt. n.1 (cross-referencing both Section 4B1.2(a) and the commentary to Section 4B1.2 in defining "crime of violence").

---

[4] The Sentencing Guidelines has been amended to specifically include robbery in the enumerated felonies clause. *See* U.S.S.G. § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

This holding in *Molinar* plainly does not apply to the ACCA's enumerated felonies clause, which contains no similar clarification in a commentary elsewhere. In fact, we already have held that robbery is not one of the ACCA's enumerated felonies. *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015) (concluding that generic extortion, which is enumerated, also does not encompass generic robbery).[5] We are bound by *Dixon*. Therefore, Arizona armed robbery also does not qualify as a violent felony under the ACCA's enumerated felonies clause.

\* \* \*

We reverse the district court's denial of Jones's § 2255 motion and remand for proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

[5] That Arizona armed robbery is a crime of violence under the Sentencing Guidelines but not a violent felony under the ACCA is admittedly counterintuitive. However, as the panel recognized in *Molinar*, "[r]ecent Supreme Court decisions . . . have resulted in material differences between the [definitions of 'violent felony' and 'crime of violence'] that will likely limit our ability to treat the two as interchangeable in future cases." *Molinar*, 2017 WL 5760565, at \*3 n.3.