**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOHN PENITANI, <br><br> Defendant-Appellant. | No. 18-15480 <br><br> D.C. Nos. <br> 1:16-cv-00444-SOM-KJM <br> 1:13-cr-00653-SOM-1 <br><br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOHN PENITANI, <br><br> Defendant-Appellant. | No. 18-15493 <br><br> D.C. Nos. <br> 1:16-cv-00443-SOM-KJM <br> 1:13-cr-00514-SOM-3 |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted June 11, 2019
Honolulu, Hawaii

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

John Penitani appeals the district court's order denying his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we review de novo the district court's order. *United States v. Jones*, 877 F.3d 884, 886 (9th Cir. 2017) (per curiam). Because the parties are familiar with the facts, we do not recite them here.

Penitani argues that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney, Myles Breiner, had a conflict of interest that adversely affected his representation. Although we conclude that Breiner had a conflict of interest, as defined under Rule 1.7 of the Hawaii Rules of Professional Conduct, Penitani does not show that Breiner's conflict of interest adversely affected his representation such that Penitani was deprived of his Sixth Amendment right. We affirm the district court's order denying the § 2255 motion.

1. <u>Breiner Had a Conflict of Interest as Defined Under Rule 1.7 of the Hawaii Rules of Professional Conduct</u>. Penitani argues that the district court erred by concluding that Breiner did not violate Rule 1.7 of the Hawaii Rules of Professional Conduct. Rule 1.7 provides that a concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients

2

will be materially limited by the lawyer's responsibilities to . . . a former client."

Haw. R. Prof'l. Conduct 1.7(a)(2). Once Breiner knew that Penitani told the

government that he supplied drugs to Breiner's former client, Charles Foster,

Breiner's continued representation of Penitani posed a conflict of interest. Penitani

provided information about Foster in order to reduce his own criminal exposure.

His information led to a superseding indictment and trial testimony against Foster

in the very same case in which Breiner previously represented Foster, leaving no

doubt that Penitani's interests were adverse to Foster's interests. Because

Penitani's and Foster's interests were adverse, there was a "significant risk" that

Breiner's continued representation of Penitani would be "materially limited" by his

ongoing duty of loyalty to Foster. Although Rule 1.7 permits a lawyer to continue

with representation under these circumstances if, *inter alia*, each affected client

provides written consent, Haw. R. Prof'l. Conduct 1.7(b), the record in this case

does not show that Breiner ever obtained such consent. We therefore conclude that

Breiner plainly had a conflict of interest as defined by Rule 1.7.[1]

---

[1] Penitani also argues that Breiner's conduct violated Rule 1.9, which prohibits a lawyer who formerly represented a client in a matter from representing a new client in "the same or a substantially related matter" if the clients' interests are materially adverse, absent a written waiver from the former client. Haw. R. Prof'l. Conduct 1.9(a). We need not reach this issue.

2. Penitani Was Not Deprived of His Sixth Amendment Right to Effective

Assistance of Counsel. To establish ineffective assistance of counsel, a defendant must normally show that counsel's performance was deficient and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). An exception to the usual *Strickland* prejudice requirement exists, however, if "counsel [was] burdened by an actual conflict of interest." *United States v. Walter-Eze*, 869 F.3d 891, 900 (9th Cir. 2017) (quoting *Strickland*, 466 U.S. at 692). To show an "actual conflict of interest," a defendant must demonstrate an "adverse effect" on counsel's performance, i.e., "'that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.'" *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) (quoting *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005)); *see Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002) (noting that an "actual conflict" is one "that adversely affects counsel's performance."). Penitani argues that Breiner's performance at the sentencing hearing was lackluster, and that his failure to object to the presentence report (PSR) and his failure to request a variance demonstrate the requisite adverse effect. But at the sentencing hearing,

4

Breiner argued for a significant downward departure and highlighted Penitani's substantial assistance against his co-defendants and his cooperation in Foster's case, at risk to Penitani's own life. The record does not show that Breiner made a choice between possible alternative courses of action at the hearing that impermissibly favored the course that supported Foster's interests. As to Breiner's failure to object to the PSR and his failure to request a variance, there is no evidence that objecting to the PSR or requesting a variance was conduct that Breiner avoided due to his loyalty to Foster. *See Hovey*, 458 F.3d at 908. Because Penitani has not demonstrated that Breiner's conflict of interest adversely affected his representation, we conclude that Penitani was not deprived of his Sixth Amendment right to effective assistance of counsel.[2]

**AFFIRMED**.

---

[2] Penitani also argues that the Assistant United States Attorney failed to inform the district court about Breiner's conflict of interest. Because we conclude that Penitani was not deprived of his Sixth Amendment right to effective assistance of counsel, we need not decide this issue.