**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYAN MARK JOHNSON, | No. 18-35672 |
| Petitioner-Appellant, | D.C. Nos. 1:16-cv-00258-BLW<br>1:11-cr-00122-BLW-1 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Bryan Mark Johnson appeals from the district court's judgment denying his

28 U.S.C. § 2255 motion.  We have jurisdiction under 28 U.S.C. § 2253.

Reviewing de novo, *see United States v. Jones*, 877 F.3d 884, 886 (9th Cir. 2017),

we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Johnson contends that his convictions for federal bank robbery and armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), are not predicate violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), or crimes of violence under 18 U.S.C. § 924(c)(3). These arguments are foreclosed. *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) (federal bank robbery and armed bank robbery by force and violence or by intimidation are categorically crimes of violence under the force clause of section 924(c)(3)); *see also id*. at 784 (because section 924(c)(3)'s force clause and section 924(e)(2)(B)'s force clause are "similarly worded," cases interpreting one also apply to the other). Contrary to Johnson's contention, *Watson* is not "clearly irreconcilable" with *Stokeling v. United States*, 139 S. Ct. 544 (2019). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

In light of this disposition, we do not reach the government's alternative argument.

**AFFIRMED.**