NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCIS SCHAEFFER COX,

Defendant - Appellant.

No.   23-2713

D.C. No.
3:11-cr-00022-RJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Robert J. Bryan, District Judge, Presiding

Argued and Submitted November 20, 2024
Seattle, Washington

Before:  McKEOWN, GOULD, and H.A. THOMAS, Circuit Judges.

Francis Schaeffer Cox seeks review of a district court judgment denying his petition for a writ of habeas corpus.  The district court certified for appeal the questions of whether Cox required a new trial on his conspiracy to murder conviction because one basis for conviction became legally unavailable when we vacated Cox's solicitation to murder conviction on direct appeal, and whether Cox received

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's denial of a habeas petition. *United States v. Jones*, 877 F.3d 884, 886 (9th Cir. 2017). We affirm the denial of Cox's petition.

Cox argues first that he is entitled to a new trial on his conspiracy conviction because "the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Yates v. United States*, 354 U.S. 298, 312 (1957), *overruled in part on other grounds by Burks v. United States*, 437 U.S. 1 (1978). On direct appeal, we vacated the solicitation conviction in part because the sole theory supporting the conviction—Cox's agreement with his co-conspirators to kill imaginary "federal assassins" during Cox's appearance at local television station KJNP—did not put federal officers at sufficient risk of harm to confer federal jurisdiction. *United States v. Cox*, 705 F. App'x 573, 576 (9th Cir. 2017) (citing *United States v. Feola*, 420 U.S. 671, 695–96 (1975)). We upheld the conspiracy conviction. *Id.* Cox argues that the lack of jurisdiction that vacated the solicitation count also applies to the conspiracy count to the extent the conspiracy count relies on the KJNP theory.

The law of the case doctrine does not bar Cox from raising this argument. On direct appeal, we ruled on the sufficiency of the evidence for Cox's conspiracy conviction, but did not decide the distinct legal error now raised. *See Griffin v. United States*, 502 U.S. 46, 59–60 (1991). Our subsequent decision denying Cox's

2

motion for a writ of *audita querela* also supports proceeding to the merits, as it held Cox could raise this issue in a habeas motion. *United States v. Cox*, No. 19-30254, 2021 WL 4705233 (9th Cir. Oct. 8, 2021).

But Cox's claim fails on the merits as "errors of the *Yates* variety are subject to harmless-error analysis" and here the error was harmless as it is "beyond a reasonable doubt that the jury verdict would have been the same absent the error." *United States v. Galecki*, 89 F.4th 713, 740**,** **7**41 (9th Cir. 2023) (internal citations omitted). Because the parties are familiar with the facts, we do not recount them here. Even if the KJNP theory was the focus at trial, the record supports Cox's conviction on a separate database theory.

Cox's ineffective assistance of counsel claims also fail. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Cox must establish that "deficient performance prejudiced the defense." Cox first argues that trial counsel failed to distinguish real federal employees from state and imaginary federal employees, which was especially crucial as to the KJNP theory. Even assuming without deciding that this was deficient performance, Cox does not demonstrate prejudice as the database theory was sufficient to support conviction beyond a reasonable doubt, and evidence was presented that Cox directed Anderson to add the names of three real, specific federal officers to the database—two of whom he also directly harassed—apart from any fictitious or state targets.

3

Cox also argues trial counsel erred in not seeking further *mens rea* or unanimity jury instructions. Counsel's performance was neither erroneous nor prejudicial. As to *mens rea*, the malice aforethought *mens rea* for murder was included in Jury Instruction No. 48, which provided that the government did not need to prove the elements of murder but was "required to prove that the defendants entered into an agreement to commit that crime." Although the government was not required to prove that a murder occurred, "[u]nder [the] combination of instructions, the jury, in finding that [Cox] specifically intended to help accomplish the *murder* of [federal officers], necessarily had to find malice aforethought; murder had been defined to include that mental state." *United States v. Croft*, 124 F.3d 1109, 1122 (9th Cir. 1997) (emphasis in original)*; see also United States v. Pemberton*, 853 F.2d 730, 734–35 (9th Cir. 1988) (jury instruction that "ma[d]e clear that the ultimate objective of the conspiracy need not be accomplished for the crime of conspiracy to be complete" was "substantively correct," and not misleading viewed in context of full instructions.)

As to the unanimity argument, the district court instructed that the jurors must "agree as to the particular crime which the conspirators agreed to commit," and "on a particular overt act that you find was committed." While "a specific unanimity instruction is required if there is a genuine possibility of jury confusion," Cox did not make such a showing here. *United States v. Lapier*, 796 F.3d 1090, 1096 (9th

4

Cir. 2015) (internal quotation marks omitted). Cox argues again that the jury could have convicted based on either the KJNP or database theory, but that argument is distinct from arguing the jury was not unanimous in its decision as directed by the instructions. The database theory supports conviction beyond a reasonable doubt.

As these alleged errors were not individually prejudicial, they also did not cumulatively prejudice Cox.

**AFFIRMED.**